IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/02/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

CECIBEL ALEJANDRA CONTRERAS VARGAS,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center,

Respondent.

Case No. 26-3319-JWL

**MEMORADNUM AND ORDER TO SHOW CAUSE**

Petitioner has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 by which she challenges her detention without a second bond hearing. For the reasons set forth below, petitioner shall show cause, by filing a written response on or before **September 18, 2026**, why the petition should not be denied for failure to state a cognizable claim. Petitioner's motions for an injunction against transfer (Doc. # 3) and for appointment of counsel (Doc. # 4) are hereby **denied**.

Petitioner alleges that she is a native of Ecuador; that she was detained by immigration officials on June 5, 2026, and remains in custody within this judicial district; that on July 29, 2026, an immigration judge (IJ) denied her request for release on bond, finding that she presented a danger to the community; that the IJ ordered her removal on August 11, 2026, and that her appeal to the Board of Immigration Appeals (BIA) from that order remains pending; and that on August 13, 2026, she submitted a request for a new

bond determination, based on materially changed circumstances, pursuant to 8 C.F.R. § 1003.19(e), which request remained pending as of August 20, 2026 (the date of her petition). The petition was received and filed by the Court on August 28, 2026. By the petition, petitioner claims a violation of due process based on the failure to receive a second bond hearing before the IJ. She states explicitly that she is not challenging her removal order or the IJ's initial bond denial, but she has submitted with her petition evidence in support of her argument for release on bond based on changed circumstances.

Petitioner has not stated a proper claim for habeas relief because she has not shown a violation of federal law with respect to her bond proceedings. Again, her sole claim is that she should be granted a second hearing pursuant to the applicable regulation, but she has not alleged or shown that she has been denied such a hearing in violation of that regulation – rather, she alleges that the request remained pending a week after she submitted it. Accordingly, petitioner is ordered to show cause, in a writing filed by **September 18, 2026**, why the petition should not be denied for that reason. If by that time petitioner has been granted a second bond hearing, then her petition would become subject to dismissal as moot, and petitioner should either file an amended petition that states a proper claim for relief or allow the case to be dismissed. If the Government actually denies or fails to act on her request and that act violates federal law, petition may file an amended petition based on such a violation. If petitioner does not respond to this order, the Court will deny the petition for failure to state a proper claim.

The Court also denies petitioner's *ex parte* motion for an injunction against her transfer. Petitioner concedes that this Court would not lose jurisdiction over this case in

the event of a transfer, and petitioner has not shown that a transfer is likely or imminent or that she would suffer material prejudice to her ability to litigate the case.

Finally, the Court denies petitioner's motion for appointment of counsel. A detainee has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, unless the court conducts an evidentiary hearing, the decision whether to appoint counsel rests in the discretion of the court. *See Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel for a Section 2241 petitioner if it "determines that the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *See Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, a court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *See Hill*, 393 F.3d at 1115 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In this case, petitioner has not yet shown that she has a viable claim or that the issues are complex; accordingly, the Court concludes that the interests of justice do not presently require appointment of counsel for petitioner.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner shall show cause, by written response filed on or before **September 18, 2026**, why the petition should not be denied for the reasons set forth herein.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for an injunction against transfer (Doc. # 3) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for appointment of counsel (Doc. # 4) is hereby **denied**.

IT IS SO ORDERED.

Dated this 2nd day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge